UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: WAGGIN' TRAIN CHICKEN JERKY
PET TREAT PRODUCTS LIABILITY LITIGATION                    MDL No. 2392


ORDER DENYING TRANSFER


**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in two actions move to centralize this litigation, which consists of three actions pending in three districts as listed on Schedule A,[1] in the Northern District of Illinois. Plaintiffs in the third action on the motion and one related action support centralization. Defendants Nestle Purina PetCare Company, Waggin' Train LLC, Wal-Mart Stores, Inc. d/b/a Sam's Club, Inc., Costco Wholesale Corporation, and Target Corporation (collectively, the "Waggin' Train defendants"), and Del Monte Corporation and its subsidiary Milo's Kitchen LLC (the "Milo's Kitchen defendants") oppose centralization.

On the basis of the papers filed and the hearing session held, we will deny the motion for centralization. Although all actions share some factual issues regarding whether chicken jerky dog treats were contaminated by a common source in China, we are unconvinced, on the record before us, that those issues are sufficiently complex or numerous to warrant the creation of an MDL. Given that apparent lack of complexity, the small number of involved actions, and the correspondingly limited number of involved counsel, we conclude that centralization would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the actions. Various mechanisms are available to minimize or eliminate the possibility of duplicative discovery even without an MDL. In these circumstances, informal cooperation among counsel and coordination among the involved courts are, in our judgment, preferable to formal centralization. Notices of deposition can be filed in all related actions; the parties can stipulate that any discovery relevant to more than one action can be used in all those actions; or the involved courts may direct the parties to coordinate their pretrial activities. *See In re Crest Sensitivity Treatment and Prot. Toothpaste Mktg. and Sales Practices Litig.*, — F. Supp. 2d —, 2012 WL 2175780, at *1 (J.P.M.L. June 11, 2012).

Additionally, the Waggin' Train defendants recently filed an unopposed motion to transfer one of the actions to plaintiffs' proposed transferee district under 28 U.S.C. § 1404. At oral argument, counsel for the Waggin' Train defendants stated their intent to file similar Section 1404 motions to transfer the new related actions against them to that district, too. If those motions are granted, the

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] The Panel has been notified of four additional related actions pending in two other districts.

-2-

actions against the Waggin' Train defendants can proceed in the proposed transferee district "for all purposes and not, as is the case with Section 1407 transfer, for pretrial purposes only." *See In re Republic Western Ins. Co. Ins. Coverage Litig.*, 206 F. Supp. 2d 1364, 1365 (J.P.M.L. 2002). This will further simplify coordination of all related actions, including the actions against the Del Monte defendants.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Charles R. Breyer | |

IN RE: WAGGIN' TRAIN CHICKEN JERKY
PET TREAT PRODUCTS LIABILITY LITIGATION                    MDL No. 2392

## SCHEDULE A

<u>District of Connecticut</u>

Elizabeth Mawaka, et al. v. Nestle Purina PetCare Co., et al., C.A. No. 3:12-00880

<u>Northern District of Illinois</u>

Dennis Adkins, et al. v. Nestle Purina PetCare Co., et al., C.A. No. 1:12-02871

<u>Western District of Pennsylvania</u>

Lisa Mazur v. Milo's Kitchen, LLC, et al., C.A. No. 2:12-01011